

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELA PIERRE,

        Plaintiff,

v.

        Case No.:

ADVENTIST HEALTH SYSTEM/SUNBELT, INC.,

        Defendant.

_____/

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

Plaintiff, SHELA PIERRE ("Plaintiff"), hereby files this Complaint against Defendant ADVENTIST HEALTH SYSTEM/SUNBELT, INC., ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1.     This action arises under (a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (b) 42 U.S.C. § 1981 (for race-based discrimination and retaliation); and The Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.10 et seq.

2.     This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over related state-law claims.

3.     Venue is proper under 28 U.S.C. § 1391(b) because the discriminatory and retaliatory acts occurred in Seminole County, Florida, within this Division.

4.     Plaintiff timely filed a Charge of Discrimination with the EEOC (Charge No. 15D-2023-01152) and received a Right-to-Sue Notice dated July 29, 2025. A copy is attached hereto as Exhibit A.

5.     This Complaint is filed within ninety (90) days of receipt.

1

## PARTIES

6.    Plaintiff is a resident of Orlando, Florida, and a former Patient Transporter employed by Defendant. She is Haitian, a protected class based on both race and national origin.

7.    Defendant is a private hospital corporation doing business as AdventHealth Altamonte Springs, with its principal office at 900 Hope Way, Altamonte Springs, FL 32714, and an "employer" within the meaning of Title VII and the FCRA.

## FACTUAL ALLEGATIONS

8.    Plaintiff was hired on October 30, 2022, and consistently performed her duties satisfactorily. She received positive feedback and had no prior discipline.

9.    On or about November 2, 2022, without any prior conversation, or dispute, or any form of engagement, supervisor Jeannette Vargas referred to Plaintiff as a "chimpanzee" and "monkey" in front of coworkers, laughing and imitating her accent. Plaintiff immediately reported the conduct to management and Human Resources (HR) (see Composite Exhibit B - Transcript Exerpts).

10.    HR took no corrective action. Vargas remained Plaintiff's direct supervisor and continued to make mocking comments about her speech and heritage.

11.    In March 2023, again, without prior engagement about food, just that Plaintiff warmed up her food, during her break, manager Reilly Cheever sprayed Plaintiff in the face with a cleaning chemical and stated, "Haitian food stinks."

12.    Plaintiff again reported the incident, identifying multiple witnesses, but Defendant failed to interview or discipline Cheever.

13.    After Plaintiff's reports, Defendant's management began subjecting her to unequal treatment: assigning heavier workloads, shortening breaks, and issuing fabricated "corrective actions" for minor or nonexistent issues (see Composite Exhibit C).

2

14.    This is not the same treatment Non-Haitian employees who committed similar or worse infractions were subject to. In fact, it became so obvious that Plaintiff was told by one coworker that supervisors were "building a case" to remove her.

15.    This complaint continued, from time to time, making it so uncomfortable for the Plaintiff to work, it became a hostile environment.

16.    After several complaints, on August 14, 2023, less than two weeks after Plaintiff's most recent HR complaint, Defendant terminated her employment under shifting and pretextual reasons, claiming "insubordination" and "attitude."

17.    Plaintiff's termination occurred in close temporal proximity to her protected complaints, demonstrating a retaliatory motive.

18.    Plaintiff has suffered loss of income, humiliation, emotional distress, and damage to her professional reputation.

19.    All conditions precedent to filing this lawsuit have been satisfied or waived.

## COUNT I
## DISCRIMINATION
## (Title VII, 42 U.S.C. § 2000e-2)

20.    Plaintiff incorporates paragraphs 1–19.

21.    Defendant, through its agents and supervisors, discriminated against Plaintiff based on race and national origin by (a) Permitting racial slurs and ridicule in the workplace; (b) Allowing physical and verbal harassment to go unchecked; (c) Imposing disparate discipline and workloads on Haitian employees; and (d) Terminating Plaintiff under false, pretextual reasons.

22.    Defendant's conduct constitutes unlawful discrimination under Title VII.

23.    As a direct result, Plaintiff suffered lost wages, benefits, and severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award: (a) Back pay and lost benefits; (b) Compensatory damages for emotional distress and humiliation; (c) Punitive damages under Title VII; (d) Reasonable costs and attorney's fees under 42 U.S.C. § 2000e-5(k); and € All other relief deemed just and proper.

**COUNT II**
**RETALIATION**
**(Title VII, 42 U.S.C. § 2000e-3)**

24.     Plaintiff incorporates paragraphs 1–19.

25.     Plaintiff engaged in protected activity when she complained internally and externally (to the EEOC/FCHR) about discriminatory conduct.

26.     Defendant retaliated by issuing unwarranted discipline, coercing a "mental-health referral" under threat of termination, and ultimately discharging her.

27.     These acts constitute unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a).

28.     Plaintiff suffered loss of income, benefits, and emotional harm as a result.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, awarding: (a) Back pay, front pay, and benefits; (b) Compensatory and punitive damages; (c) Attorney's fees and costs; and (d) All other relief deemed just and proper.

## COUNT III
## RACE DISCRIMINATION AND RETALIATION
## (§ 1981)

29.   Plaintiff incorporates paragraphs 1–19.

30.   Defendant intentionally discriminated against Plaintiff because of her race (Haitian/Black) in the making, performance, and termination of her employment contract, and retaliated against her for opposing such conduct.

31.   Defendant's actions were willful and malicious, in violation of 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant for violations of 42 U.S.C. § 1981, and award: (a) Economic damages; (b) Compensatory and punitive damages; (c) Attorney's fees and costs under 42 U.S.C. § 1988; and (d) All other relief deemed just and proper.

## COUNT IV
## DISCRIMINATION AND RETALIATION
## (Florida Civil Rights Act, Fla. Stat. § 760.10)

32.   Plaintiff incorporates paragraphs 1–19.

33.   Defendant's actions also violate the Florida Civil Rights Act, which mirrors Title VII protections.

34.   Plaintiff suffered economic loss and emotional distress as a direct result.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant under the Florida Civil Rights Act and award: (a) Back pay, front pay, and benefits; (b) Compensatory and punitive damages; (c) Attorney's fees and costs under Fla. Stat. § 760.11(5); and (d) All other relief deemed just and proper.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in her favor on all counts, awarding back pay, front pay, and lost benefits; compensatory damages for emotional distress, humiliation, and reputational harm; punitive damages under Title VII and 42 U.S.C. § 1981; reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 2000e-5(k) and 1988; pre- and post-judgment interest; and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## DECLARATION UNDER PENALTY OF PERJURY

I, SHELA PIERRE, hereby declare under penalty of perjury pursuant to Florida Statute § 92.525 that I have read the foregoing Complaint, and the allegations therein are true and correct to the best of my knowledge and belief.

Dated this 27 day of 10 , 2025.

Respectfully submitted,
Shela Pierre, Pro Se
6428 Undine Way
Orlando, Florida 32818
Email: spierre7783@yahoo.com
Telephone: